UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD MITCHELL,

    *Plaintiff.*

  v.

MERIT SYSTEMS PROTECTION BOARD,
*et al.*,

    *Defendants.*

No. 24-cr-00858 (DLF)

**ORDER**

    Gerald Mitchell, proceeding pro se, brings this case against the Merit Systems Protection Board, apparently challenging a May 1, 2023, decision. Complaint, Dkt. 48. Before the Court is the defendant's Motion to Dismiss, Dkt. 60, and the plaintiff's Motion for Leave to File Motion for Summary Judgment, construed as a motion for summary judgment, Dkt. 65. Because the plaintiff failed to timely respond to the defendant's motion, the Court will rule on the defendant's motion based on the defendant's arguments. *See* Minute Order of November 7, 2024. For the reasons that follow, the Court will GRANT the defendant's motion and DENY the plaintiff's motion as moot.

    Mitchell's appeal is untimely. The Board issued its final order on May 1, 2023. Compl., at 2–4, Dkt. 48. The Board provided Mitchell with a Notice of Appeal Rights, which clearly stated that he had 30 days to file a civil action if raising discrimination claims. Federal Circuit Docket, at 25, Dkt. 44. Instead, Mitchell did not file his complaint until July 10, 2023—more than 30 days after the Board's final order. Federal Circuit Docket, at 11. Thus, Mitchell's appeal is untimely. Although the statutory deadline is a nonjurisdictional claims-processing rule,

*Robinson v. DHS*, 71 F.4th 51, 58 (D.C. Cir. 2022), Mitchell is not entitled to equitable tolling because his failure to meet the deadline is due to a "garden variety claim of excusable neglect," *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). Mitchell likely thought he had 60 days to file, since appeals to the Federal Circuit, where Mitchell initially filed, have a 60-day deadline. But Mitchell's initial brief raised discrimination claims. *See* Informal Br., at 2, Dkt. 8 (arguing the Board should have applied 5 U.S.C. § 7701(c)(2)(B), which concerns discriminatory practices). He therefore should have known that his appeal was subject to the 30-day deadline. *See also* Federal Circuit Docket, at 25. Because Mitchell did not "pursu[e] his rights diligently," *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), the Court will decline to toll the deadline.

Because the Court will grant the defendant's motion to dismiss, the plaintiff's motion for summary judgment is moot. Accordingly, it is

ORDERED that the defendant's motion to dismiss is GRANTED. The Clerk of Court is directed to mail a copy of this Order to plaintiff's address of record and close this case. It is further

ORDERED that the plaintiff's motion for summary judgment is DENIED as MOOT.

This is a final appealable order.

_____
DABNEY L. FRIEDRICH
United States District Judge

January 22, 2025